IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

    Plaintiff,

v.                                                                                                 No. 1:24-cv-01284-LF[1]

BENJAMIN D. THOMAS,
STEVEN J. CLARK,
CINDY M. MERCER and
GEOFFREY R. NIMS,

    Defendants.

### ORDER TO SHOW CAUSE

*Pro se* Plaintiff seeks restitution alleging Defendant Thomas damaged property. *See* Complaint for Unlawful Detainer Restitution, Fraud, and Abuse of Process at 3, Doc. 1, filed December 20, 2024 ("Complaint"). Plaintiff alleges the issue of restitution was litigated in state court and that "Defendant [Thomas] has started legal process against the plaintiff with frivolous complaints of harassment, with the intent to obtain title to Plaintiff's property." Complaint at 5-6. Plaintiff alleges: (i) Defendant Clark is Defendant Thomas' attorney; (ii) Defendant Mercer is a state district court judge; and (iii) Defendant Nims is a prosecutor. *See* Complaint at 2, 5. Plaintiff alleges "adjudication is unavailable in New Mexico State Courts, as [Defendants Mercer and

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 2, filed December 20, 2024. Plaintiff has paid the filing fee. *See* Doc. 3, filed December 20, 2024. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Nims] have persistently acted with prejudice hostile to Plaintiff ... while favoring" Defendant Thomas.  Complaint at 3.  Plaintiff seeks "an award of up to $250,000."  Complaint at 6.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

There is no properly alleged diversity jurisdiction.  Complaint at 1.  To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant."  *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).  The Complaint indicates Plaintiff and all Defendants are citizens of New Mexico.  *See* Complaint at 1-2.  Plaintiff contends the amount in controversy exceeds $75,000 and that "sufficient diversity of citizenship should reasonably be presumed, to allow for procedure in United States District Court: District of New Mexico."  Complaint at 3.  However, Plaintiff does not cite any legal authority in support of his contention that diversity of citizenship should be presumed.  Plaintiff quotes Rule 1.7 of the Local Rules of Civil Procedure which states: "These rules may be waived by a Judge to avoid injustice."  Complaint at 3.  The Local Rules govern civil procedure in this Court; they do not govern the determination of the Court's jurisdiction.

There is no properly alleged federal-question jurisdiction because the Complaint does not allege that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Furthermore, it appears that many, perhaps all, of Plaintiff's claims are barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines due to the proceedings in state court. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). The *Rooker-Feldman* doctrine:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States

district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).  If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint.  Plaintiff's response and the amended complaint must describe the related proceedings in state court and provide the case names and case numbers for all related proceedings.  The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge