## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ROGER S. SAUL,

       Plaintiff,

v.                                                                No. 1:24-cv-01284-MIS-LF

BENJAMIN D. THOMAS,
STEVEN J. CLARK,
CINDY M. MERCER and
GEOFFREY R. NIMS,

       Defendants.

## ORDER OF DISMISSAL

*Pro se* Plaintiff seeks restitution alleging Defendant Thomas damaged property.  *See* Complaint for Unlawful Detainer Restitution, Fraud, and Abuse of Process ("Complaint"), ECF No. 1 at 3.  Plaintiff alleges the issue of restitution was litigated in state court and that "Defendant [Thomas] has started legal process against the plaintiff with frivolous complaints of harassment, with the intent to obtain title to Plaintiff's property."  *Id.* at 5-6.  Plaintiff alleges: (i) Defendant Clark is Defendant Thomas's attorney; (ii) Defendant Mercer is a state district court judge; and (iii) Defendant Nims is a prosecutor.  *See id.* at 2, 5.  Plaintiff alleges "adjudication is unavailable in New Mexico State Courts, as [Defendants Mercer and Nims] have persistently acted with prejudice hostile to Plaintiff ... while favoring" Defendant Thomas.  *Id.* at 3.  Plaintiff seeks "an award of up to $250,000."  *Id.* at 6.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 242 F.3d

388, 2000 WL 1750512, at *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988)).

United States Magistrate Judge Laura Fashing notified Plaintiff there is no properly alleged diversity jurisdiction and no properly alleged federal-question jurisdiction.  *See* Order to Show Cause, ECF No. 4 at 2-3.  Judge Fashing also explained:

> Furthermore, it appears that many, perhaps all, of Plaintiff's claims are barred by the *Younger* abstention and/or *Rooker-Feldman* doctrines due to the proceedings in state court.  The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings ... when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  In determining whether *Younger* abstention is appropriate, the Court considers whether:
>
>> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.
>
> *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)).  The *Rooker-Feldman* doctrine:
>
>> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.
>
> *Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing

party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

*Id.* at 3-4.  Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss this case for lack of subject-matter jurisdiction and to file an amended complaint.  *See id.* at 5 (notifying Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case).  Plaintiff did not show cause or file an amended complaint by the January 13, 2025, deadline.

The Court concludes it does not have jurisdiction over this case because: (i) the Complaint does not contain allegations to support subject-matter jurisdiction; (ii) Plaintiff did not show cause why the Court should not dismiss this case for lack of jurisdiction; and (iii) Plaintiff did not file an amended complaint showing that the Court has jurisdiction over this matter.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE